# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 20-3054**

**September Term, 2020**

**1:71-cr-00994-RCL-1**
**1:72-cr-01328-RCL-4**

**Filed On:** January 13, 2021

United States of America,

        Appellee

    v.

Eugene Jerome Cunningham,

        Appellant

------------------------------

Consolidated with 20-3055

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Pillard, Katsas, and Walker, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the memorandum of law and fact filed by appellee, and the response thereto and supplement to the response. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. Upon consideration of the foregoing, and the motion for compassionate release, and the motion to supplement the appendix, it is

**ORDERED** that the motion to supplement the appendix be granted. The Clerk is directed to file the lodged supplemental appendix. It is

**FURTHER ORDERED and ADJUDGED** that the motion for compassionate release be denied and the district court's August 14, 2020 order denying appellant's motion for compassionate release be affirmed. Appellant requested compassionate release under the District of Columbia's Coronavirus Support Congressional Review Emergency Amendment Act of 2020, D.C. Code § 24-403.04, which allows a court to

reduce a defendant's sentence if "[t]he defendant is 60 years of age or older and has served at least 25 years in prison" and if the court "determines the defendant is not a danger to the safety of any other person or the community, pursuant to the factors to be considered in 18 U.S.C. §§ 3142(g) and 3553(a) and evidence of the defendant's rehabilitation while incarcerated." The district court did not abuse its discretion in denying release based on the grave nature of appellant's underlying offenses and his numerous disciplinary infractions while incarcerated. Cf. United States v. Ruffin, 978 F.3d 1000, 1009 (6th Cir. 2020) (no abuse of discretion in denying sentence reduction because district court considered "rehabilitation efforts" but defendant's "conduct while in prison did not all run in the same direction"); United States v. Holroyd, 825 F. App'x 1, 2 (D.C. Cir. 2020) (applying abuse of discretion standard to motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)); United States v. Smith, 896 F.3d 466, 470 (D.C. Cir. 2018) (applying abuse of discretion standard to motion for sentence reduction under 18 U.S.C. § 3582(c)(2), based on the Sentencing Commission's subsequent lowering of a sentencing range).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                                                **FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk